225 A.2d 524.

STATE *vs.* MICHAEL I. SHILO.

JANUARY 12, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. In this criminal complaint the defendant is charged with the operation of a motor vehicle on a public highway "while under the influence of intoxicating liquor to a degree which renders him incapable of safely operating same." The cause was tried to a jury in the superior court in October 1963, and the defendant was found guilty as charged. His subsequent motion for a new trial was denied, and he now prosecutes a bill of exceptions to this court.

It appears that on April 30, 1963 defendant was operating an automobile along Pawtucket avenue in the city of East Providence and became involved in a collision with another motor vehicle. Upon the arrival of the police, he was taken to the East Providence police station, where he was subjected to an in-custody interrogation by police officers and examined for sobriety by Dr. Arthur M. Dell. Under police supervision the doctor directed defendant to perform certain acts designed to disclose the degree of his intoxication, and, after observing his performance of these acts, the doctor stated that he found defendant to be under the influence of liquor and unfit to drive a motor vehicle.

The defendant argues, first, that there was a violation of his constitutional right to invoke the privilege against self-incrimination and to have the assistance of counsel at the time of his in-custody interrogation on the night of April 30, 1963. He argues without contradiction that on that occasion he was not informed by the police that he could have the assistance of counsel or that he had the right to remain silent. He argues, further, that the privilege against self-incrimination bars compelling one to engage in conduct or acts designed to permit an examining physician to make observations thereof and to base an opinion as to the sobriety of the defendant on such observations. Not being informed as to his right to refuse to so conduct him-

self is, according to defendant, a further violation of his constitutional rights. In pressing these arguments he relies primarily on *Escobedo* v. *Illinois,* 378 U. S. 478, and *State* v. *Mendes,* 99 R. I. 606, 210 A.2d 50.

In the circumstances of the instant case it avails defendant nothing to raise this question, conceding that the interrogating police officers did not comply with the constitutional requirements set out in *Mendes* and *Escobedo, supra,* and even if the required performance of the demonstrative acts for the physician's observation are "testimonial" or "communicative" and within the bar of the fifth amendment. See *Schmerber* v. *California,* 384 U. S. 757. This because it is settled in this state that *Escobedo* and *Mendes* will not be applied beyond the time fixed for such retroactive application in *State* v. *Gannites,* 101 R. I. 216, 221 A.2d 620.

In that case at page 623 we said: "* * * we now hold that the amplification given to *Escobedo* by the majority in *Mendes* is to be applied only to persons whose in-custody interrogation took place at least thirty days after our May 10, 1965 decision in that case." It is clear from the record here that the pertinent interrogation of defendant took place in April 1963 and, therefore, under the rule stated in *Gannites* the constitutional requirements of *Escobedo* and *Mendes* have no application.

The defendant is pressing also his exception to the denial of his motion for a new trial. In *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305, we made it clear that in order to prevail on such an exception, the moving party must show that the trial justice either overlooked or misconceived some relevant or material evidence on a controlling issue. In the instant case defendant contends that the trial justice misconceived the evidence adduced to prove that he was under the influence of intoxicating liquor to a degree "which renders him incapable of safely operating a vehicle" as is provided in the statute, G. L. 1956, §31-27-2,

as amended. He argues that this was an essential element of the case and that the evidence adduced primarily through the examining physician was probative only of the fact that defendant was under the influence of liquor and unfit to operate a vehicle.

We cannot agree that the trial justice misconceived the probative thrust of the testimony of the medical witness on this issue. The witness testified as to the physical manifestations of the effects of imbibing alcoholic beverages and as to his observations of such manifestations in defendant's demeanor and physical appearance and stated that in his opinion, based on such observations, defendant was under the influence of liquor and was unfit to operate a vehicle. We take the view that this testimony constituted evidence which was susceptible of reasonable inferences on the part of the jury that the extent of defendant's intoxication was sufficient to render him incapable of safely operating his motor vehicle as did the trial justice.

We are buttressed in our conclusion that the trial justice did not misconceive the thrust of this evidence from an examination of his charge, in which on several occasions he instructed the jury very clearly that to convict, they were obliged to find that the degree of intoxication of the defendant was sufficient to render him incapable of safely operating a motor vehicle. We cannot agree that the defendant has met the burden of showing that the trial justice, in exercising his independent judgment upon the weight of the evidence in this case, misconceived the probative thrust of the testimony of the medical witness, and this exception must be overruled.

All the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Rabinowitz & Zimmerman, Coleman B. Zimmerman; Greenwald & Santaniello, Martin L. Greenwald,* for defendant.