254 A.2d 738.

STATE *vs.* RAYMOND MANDARELLI.

JUNE 18, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The defendant was indicted and subsequently convicted by a jury of committing an indecent assault and battery on a child under the age of 13 in violation of G. L. 1956, §11-37-6, as amended.[1] The trial justice denied his motion for a new trial and sentenced him to serve a term of 40 months in the adult correctional institutions. The case is before us on the defendant's exceptions to certain evidential rulings and to the denial of his motion for a new trial.

The factual background resulting in defendant's arrest, indictment, conviction and sentence follows. On August 24, 1966, the child, then 10 years old, was waiting near the corner of Rocky Point and Warwick Neck Avenues for newspapers to be dropped off so that she could deliver them for a friend. The papers did not arrive and she started

---

[1]Section 11-37-6, as amended, reads as follows:
"* * * Every person who shall commit an indecent assault and battery on a child under the age of thirteen (13) years shall upon conviction be sentenced to a term not exceeding five (5) years."

698

back home. She was stopped by a man in a black car who asked her where a certain street was located. After a yell from the man to show him where the street was and a threat to hurt her if she did not, the child on her bike and the man in his car proceeded down Rocky Point Avenue to the front entrance of Rocky Point Park. They then turned left and drove to the back entrance of the park. After they turned into the back entrance, the child on her bike was situated between the man's car and the side of the road. He then turned into a dirt road and the child was forced by his action to also turn her bike into the dirt road. The man, then stopped and alighted from his car, took the child's bike and threw it into the bushes, pushed her ahead of him further into the bushes, and threw her to the ground. The man then committed an indecent assault and battery on the child and, after doing so, got to his feet and ran back to his car. The child ran after him, trying to see his license plate but was unable to do so. She then got on her bike and went directly home.

When she arrived home, she was very pale and at the point of collapse, her clothes were soiled, and she was hysterical. As a result of her conversation with the child, the child's mother called the Warwick police. Detective Sergeant Ralph F. Bodette of the Warwick police department testified that on August 24, 1966, at about 5 p.m. he received a telephone call from the child's mother and responded to the call by police car intending to proceed to her home; that he had been instructed via police radio to be on the lookout for a black 1951 Buick; that while proceeding to the child's house he observed defendant's automobile and stopped it; and that he took defendant to police headquarters for questioning. That same afternoon the child, her mother and her father went to police headquarters. The defendant was placed in a lineup and was identified by the child as the person who had assaulted her. She also identi-

fied defendant at the trial as being the person who was driving the black car on the day in question.

The defendant testified in his own defense. It will serve no useful purpose to discuss his testimony in any detail. It will suffice to say that he denied the charge, offered an alibi defense and tried to explain his presence in the vicinity in which he was apprehended.

The defendant has briefed and argued his exceptions under four main points and for convenience we shall treat them in like manner.

## I

The defendant's first contention is that the trial justice erred in denying defendant's motion for a mistrial because of Sergeant Bodette's answer to a certain question. It appears that during defendant's cross-examination of Sergeant Bodette he was asked whether at the time defendant was apprehended there was anyone else in the car with him. The sergeant replied that defendant was alone. Then on redirect examination the prosecuting attorney asked the following question and received the following reply:

> "When you first perceived the vehicle was anybody with him?"
> "Not in the vehicle; there were three youngsters standing."

The defendant's motion for a mistrial was based on his contention that the answer was not responsive and that the officer's statement that "there were three youngsters standing" prejudiced defendant in the eyes of the jurors by showing that defendant was in the company of youngsters, thereby implying that earlier that afternoon he was in the company of another youngster, the one involved in this case, and was therefore guilty of the charge against him.

The trial justice, in the absence of the jury, heard arguments from both sides on the question whether the objectionable reply was prejudicial. He then concluded that there was no prejudice and accordingly denied defendant's

motion. The resolution of this question was a matter which rested within the sound judicial discretion of the trial justice. *State* v. *Nelson,* 19 R. I. 467, 470, 34 A. 990, 991. In the circumstances the only question before us is whether in denying defendant's motion the trial justice abused his discretion. We are not persuaded that Sergeant Bodette's reply prejudiced defendant so as to deprive him of a fair trial, and therefore hold that the trial justice did not abuse his discretion in denying the motion for a mistrial.

## II

The defendant's next contention is that the trial justice erred in terminating the questioning of the child by defendant's counsel, before she was sworn, so as to determine whether she fully comprehended the oath of a witness. The child's date of birth was given by her mother as October 27, 1955. She was under 14 years of age at the time of the trial in June 1967. It appears from the transcript that the child took the stand and was asked many questions by the trial justice as to her schooling, her family, her attendance at church and other questions for the purpose of determining her capacity to testify as a witness. She said she knew what it was to tell a lie as well as to tell the truth. She said that people who do not tell the truth sin, and that when people take an oath they are to tell the truth. The trial justice then directed that the oath be administered to the child whereupon defendant's counsel asked permission to question the child.

He asked several questions inquiring whether the child knew what happened to persons who do not tell the truth. The child replied that they commit sins and are punished by God. The trial justice then asked the child:

"* * * you understand when you take the oath, you have to tell the truth?"

"And you can be punished for not telling the truth?"

After the child answered "Yes" to both questions, the trial justice decided that no further questioning of the

child was necessary to determine her capacity to testify and permitted the oath to be administered and the child to testify.

The defendant argues that the termination of his interrogation under the circumstances amounted to an abuse of discretion, and permitting the child to testify, without an adequate showing that she was a qualified witness, was obviously prejudicial error. We do not agree with defendant's argument. Our reading of the transcript convinces us that the trial justice, after questioning the child and listening to her replies, was justified in concluding that she qualified in every respect to testify. We find no error in the trial justice's ruling. *Pierce* v. *New England Tel. & Tel. Co.*, 86 R. I. 326, 330, 134 A.2d 421, 423. For a further discussion of this problem, see 2 Wigmore, *Evidence* (3d ed.) §505.

## III

The defendant's third contention is that the trial justice prejudicially erred in admitting in evidence, over his objection, certain photographs of the roads, dump area, and wooded section in the vicinity of the alleged assault and battery. The photographs in question had been taken by Sergeant Bodette of the Warwick police at the direction of the child's father. Sergeant Bodette testified that the father told him that he had previously been shown these places by his daughter. The defendant argues that the photos were "hearsay photographs," the admission of which served only to excite the emotions of the jurors and inject in evidence extraneous matters without probative value on the real issues in the case, namely, whether a crime had been committed and whether defendant was the guilty party.

It appears from the uncontradicted testimony that the photos were taken on the day following the incident, that they were not retouched in any way, and that they were a fair reproduction of the areas in question. The defendant's

objection is based on the fact that they were taken at the direction of the child's father, not the child, and that the child was not there when they were taken. The trial justice ruled that the photos were admissible, but the weight and significance of the photos as evidence were questions for the jury.

It seems to us that what defendant is really saying is that the photos in question would be admissible if they were taken at the direction of the child and in her presence. The basis of his claim that the trial justice erred in admitting the photos is that they were so-called "hearsay photos" because they were taken by Sergeant Bodette at the direction of the child's father on the basis of information supplied to the father by the child and by the father to Sergeant Bodette. Assuming his position to be correct, we fail to see how, on the basis of this record, the error prejudiced defendant. There is an abundance of testimony in the record given by different witnesses describing the location and surroundings of the area where the assault and battery took place. The uncontradicted evidence is that the photos were a fair representation of the areas shown and that they had not been retouched. In these circumstances we are convinced that even if the trial justice erred in his rulings, which we need not decide, the error was not prejudicial. *State* v. *Baron,* 65 R. I. 313, 14 A.2d 795, and *State* v. *Christofaro,* 70 R. I. 57, 37 A.2d 163, cited by defendant are not in point and require no discussion.

## IV

The defendant's final contention is that the overwhelming weight of the credible evidence is against the verdict and that the denial of the motion for a new trial was clearly wrong. He also argues that the lineup was unfair and that the child's identification of defendant in the lineup was unreliable.

We consider first defendant's claim concerning the line-

up. In *Stovall* v. *Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199, the court held that the rules laid down in *United States* v. *Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149, and *Gilbert* v. *California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L.Ed.2d 1178, regarding one's right to counsel at a lineup would apply only to lineups held after June 12, 1967, the date those cases were decided. The lineup in the present case was held on August 24, 1966 and therefore the *Wade* and *Gilbert* rules do not apply here. Under *Stovall* defendant must show that, independent of any right to counsel claim, the lineup was "* * * so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *Stovall, supra,* at 302, 87 S. Ct. at 1972, 18 L.Ed.2d at 1206. The totality of circumstances does not show that this occurred in the case at bar, and therefore, defendant's claim with reference to the lineup is not meritorious.

In passing on the motion for a new trial the trial justice said that there was no doubt whatsoever that the child was enticed by a man in an automobile to a secluded area and assaulted; that he was greatly impressed by the child's testimony; that she appeared to him to be very bright and intelligent; that he believed the story that she told; and that he was convinced that she was brutally assaulted in an indecent manner on August 24, 1966. He also gave weight to the child's mother's testimony, and said that Sergeant Bodette's testimony corroborated the child's testimony.

On the question whether it was defendant who assaulted the child he pointed out that the child recognized and identified defendant at the police station; that she also identified him in the courtroom at the trial; and that she had a long time to observe defendant.

The trial justice also reviewed the highlights of defendant's testimony. He referred to his testimony that he had been looking for a street in the neighborhood when stopped

by the police approximately one to one and one-half miles from the Rocky Point section. He also referred to his statements to Sergeant Bodette that he was looking for some person, whose address he did not know, to whom he wanted to deliver some tickets for a testimonial dinner. The trial justice further stated that if there was any doubt at all about the identity of the assailant, the doubt was removed when defendant took the stand to testify; that defendant strengthened the state's case; that his testimony was not convincing and it was not plausible. The trial justice also referred to defendant's testimony that he had imbibed intoxicating liquor quite freely on the day in question and that he was searching for a friend in order to deliver some tickets to him. The trial justice said he did not believe this story of defendant; that he approved the verdict; and that it was in accordance with the evidence and with the law contained in his instructions to the jury. He thereupon denied defendant's motion.

We are convinced the trial justice exercised his independent judgment in passing on the motion for a new trial. He accepted the child's testimony and expressly rejected that of the defendant. Additionally, he gave weight to the testimony of the state's other witnesses. After so doing he arrived at the same conclusion as the jury. The defendant has failed to establish that the trial justice overlooked or misconceived material evidence in the case. In such circumstances we cannot say that his findings are clearly wrong, and therefore his decision denying the motion for a new trial must stand.

All of the exceptions which the defendant has briefed or argued are overruled, and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Angelo Cianciarulo, Haig Barsamian,* for defendant.