316 A.2d 501.

STATE *vs.* ANTONETTE LIMA.

MARCH 19, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The defendant was tried and convicted by a Superior Court jury on an indictment charging her with knowingly and willfully striking Thomas Rowell, a uniformed member of the East Providence Police Department, while he was engaged in the performance of his duty, and causing him bodily injury in violation of G. L. 1956 (1969 Reenactment) §11-5-5, as amended. The case is here on the defendant's exceptions to the denial of her motion for a new trial, and to a certain portion of the charge.

We note at the outset that the only case before us is the appeal in Indictment No. 71-643 and therefore we limit our discussion to that case. The posture of this appeal is such that only a brief discussion of the facts is necessary. On July 6, 1970, the East Providence police were dispatched to defendant's home to investigate a complaint. While they were there a scuffle ensued among defendant, members of her family, and the police, including Officer Rowell. As a result of this incident defendant was charged with a violation of §11-5-5.

At the trial in the Superior Court, Officer Rowell testified that defendant struck him with a lady's shoe and caused him bodily injury. The state presented other evidence to corroborate Officer Rowell's testimony, including a photograph of the officer taken after the incident, which showed bodily injuries. The defendant denied striking or injuring the police officer. She also presented other evidence to support her version of what happened.

## I. The Motion for New Trial

In passing on defendant's motion for a new trial, the trial justice reviewed and discussed the pertinent evidence with respect to the offense charged. He pointed out that the evidence was in direct conflict on the issue of whether defendant had knowingly and willfully struck Officer Rowell and caused him bodily injury. In approving the verdict he expressly accepted the police version and expressly rejected defendant's evidence. He gave his reasons for rejecting defendant's testimony.

Although defendant has briefed and argued several points in urging that the trial justice erred in denying her motion, basically she is contending that the state has failed to prove beyond a reasonable doubt that defendant knowingly and willfully struck and injured Officer Rowell in violation of §11-5-5. She argues, in essence, that the verdict is against

8

the evidence and that therefore the trial justice erred in refusing a new trial.

We have read the trial justice's decision and are satisfied that he has performed his duty in accordance with our rule. In order to prevail in such a situation, defendant must show that the trial justice was clearly wrong or that in reviewing the evidence he overlooked or misconceived relevant and material evidence relating to a controlling issue. *State* v. *Wiggin,* 106 R. I. 69, 73, 256 A.2d 219, 221 (1969). The defendant has failed to sustain this burden and therefore her exception to the denial of her motion for a new trial is overruled.

## II. The Exception to the Charge

The defendant argues that the trial justice erred in failing to include certain requests to charge. Specifically defendant argues that the trial justice failed

"* * * to explain that the terms 'knowingly and wilfully' as they related to R. I. Gen. Laws 11-5-5 must be found together in order to find a violation of the statute and also his failure to apprise the jury of certain language found in *State* v. *Contreras,* 105 R. I. 523 at 537, to wit, acting with a bad purpose to disobey or disregard the law * * * "

As we understand defendant's argument, she claims that the statute mandates a finding that the act must be both knowingly and willfully done.

After reading the indictment and statute to the jury, the trial justice instructed the jury in part as follows:

"Now, you'll note that the statute says that that striking must be knowingly and wilfully done, and those words are words of everyday use. As you might expect, the words, wilfully and knowingly, mean to act voluntarily and intentionally. It's not an act because of a mistake or accident or another innocent reason. So, if you want to substitute the words, knowingly and wilfully, you'll be using the words, voluntarily and

intentionally, and this is what those words mean, and you'll apply that definition when you come to consider whether or not, if you determine that there was a striking here, that's entirely up to you, whether or not that was voluntarily and intentionally or in other words, knowingly and wilfully done."

We believe that this instruction, when read in the context of the entire charge, *State* v. *Page,* 104 R. I. 323, 244 A.2d 258 (1968), accords with this court's definition of the words "knowingly and wilfully" in *State* v. *Contreras,* 105 R. I. 523, 253 A.2d 612 (1969), which involved the same statute. In *Contreras,* we said:

"Very generally, and without intending either to delve into their precise meanings or to explore the nuances which may differentiate one from the other, it may be said that to act either 'knowingly' or 'wilfully' is to act voluntarily and intentionally, and not because of mistake or accident or other innocent reason." *Id.* at 537, 253 A.2d at 620.

We are satisfied that when the charge is read as a whole, it adequately explained the meaning of the words in question as used in the statute and did not mislead the jury. No more was required. *State* v. *Contreras, supra.* We find no error in the trial justice's refusal to charge as requested.

We have examined and considered all of the other arguments made by the defendant and find them so lacking in merit as to require no discussion.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Frederick A. Lawrence,* for defendant.