**STATE**

v.

**Ralph DeMASI.**

**No. 79–232–C.A.**

Supreme Court of Rhode Island.

April 14, 1980.

Dennis J. Roberts, II, Atty. Gen., Melanie W. Spencer, Sp. Asst. Atty. Gen., for plaintiff.

John Tramonti, Jr., Providence, Griffin & Higgins, Kirk Y. Griffin, Andrew P. Hier, Boston, Mass., for defendant.

OPINION

KELLEHER, Justice.

On July 3, 1975, Ralph DeMasi (DeMasi) was indicted on a charge that on various

days during December 1973 he had conspired with several others, including one Martin Regan (Regan), to rob the Lincoln branch of the Marquette Credit Union. A Superior Court jury returned a guilty verdict, and DeMasi is now before us on a single-issue appeal.

Regan, who was named in the indictment as a co-conspirator but not as a defendant, testified at trial. He conceded that he had been granted immunity by the Attorney General. There is no question but that the state relied on Regan's testimony to obtain DeMasi's conviction. The sole issue before us relates to the correctness of the trial justice's refusal to comply with DeMasi's request that the jury be admonished in either one of two ways: (1) "An accomplice's testimony should be received with caution" or (2) "[Y]ou are advised that the testimony of an accomplice is of questionable integrity and should be considered with great caution and given only such weight and credibility as you deem it deserves." We find no error.

Recently, in *State v. Cabral*, R.I., 410 A.2d 438, 441 (1980), we rejected a proposition that would have required corroboration when the complainant in a sex-offense case was of tender years. Such a requirement, we said, "arbitrarily singles out victims of sex offenses as a class whose credibility is immediately suspect." On other occasions we have refused to fault trial justices for refusing to charge a jury that an accomplice's uncorroborated testimony should be "carefully scrutinized" or that a "jury must receive and consider" an accomplice's testimony "with caution." *State v. Myers*, 115 R.I. 583, 591, 350 A.2d 611, 615 (1976); *State v. Pella*, 101 R.I. 62, 69, 220 A.2d 226, 230 (1966).

In *Pella*, this court pointed out that in this jurisdiction the common law prevails; and, consequently, the testimony of an accomplice, standing alone, is sufficient to sustain a conviction. Again in *Pella*, this court explained that this cautionary admonition might be considered by the jury as a judicial impeachment of a witness, and it emphasized that in this jurisdiction a trial justice is under a strict obligation to avoid disclosing any opinion regarding the weight of the evidence or the credibility of the witnesses as long as the case is still before the jury. Credibility becomes an issue for the trial justice only when he or she is considering a motion for new trial. *Id.* at 69, 70, 220 A.2d at 231.

The promise of immunity does not necessarily destroy the witness's veracity:

"The promise of immunity, then, being the essential element of distrust, but not being invariably made, no invariable rule should be fixed as though it had been made. Moreover, if made, its influence must vary infinitely with the nature of the charge and the personality of the accomplice. Finally, credibility is a matter of elusive variety, and it is impossible and anachronistic to determine in advance that, with or without promise, a given man's story must be distrusted." 7 Wigmore, *Evidence* § 2057 at 322 (3d ed. 1940).

Here, the jury was fully aware that Regan's testimony came only after he had been granted immunity for crimes in Rhode Island. Regan also made it clear that he was performing the same function in exchange for the same promises given by federal authorities and by officials in neighboring Connecticut as well.

The trial justice, after reminding the jurors that they were the sole judges of the credibility of the witnesses and the weight "you will give to the testimony of each," made the following comment:

"You are, of course, permitted to judge whether the witness has an interest or a lack of interest in the outcome of a trial. Does it matter to the witness what the verdict is? Does the witness have something to gain or lose in testifying in this case? Does the witness have an ax to grind? Does the witness have some motive or inducement in testifying? Is the witness a relative or a friend? Is the witness unfriendly? And in this particular case, of course you have witnesses whom when you evaluate, you may be

able to say to yourself that they have an interest.

"Insofar as Mr. Regan is concerned, you know that he has been granted immunity. My recollection is and it would be yours which controls, that he's been granted immunity for a crime in Connecticut, and a crime in Massachusetts and certainly insofar as his participation in this conspiracy which he says he participated in. So he gains a benefit there and you know the other testimony with regard to his income from the government. So you have a right to evaluate those things in assessing the credibility of his testimony, how much weight you will give to it."

Obviously, the jury was aware of the possibility that Regan's testimony might be unreliable and that its duty as trier of fact was to evaluate his testimony in this light. DeMasi was entitled to nothing more.

The defendant's appeal is denied and dismissed; the judgment of conviction appealed from is affirmed.