STATE

v.

George A. PETTIS.

No. 84–129–C.A.

Supreme Court of Rhode Island.

Feb. 26, 1985.

Dennis J. Roberts II, Atty. Gen., Barry N. Capalbo, Sp. Asst. Atty. Gen., Providence, for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief

Appellate Div., Paula Rosin, Asst. Public Defender, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant from a judgment of conviction entered by a Superior Court justice sitting with a jury on a charge of first-degree sexual assault upon a mentally retarded thirteen-year-old girl, in violation of G.L.1956 (1981 Reenactment) § 11–37–2.[1] The trial justice denied the defendant's motion for a judgment of acquittal and for a new trial.

The record reveals that on October 3, 1983, prior to trial, a hearing was held outside the presence of the jury to determine the victim's competency to testify. During questioning by the attorneys and the trial justice, the victim testified that she could not explain the difference between the truth and falsehood, that she did not understand the consequences of lying, but that she would describe the events as she remembered them. At the conclusion of the voir dire, the trial justice ruled that she was competent to testify.

During the trial, the victim testified that defendant was a neighbor. On the date of the assault, defendant asked her to go to the store for him, and when she returned, she accompanied him into his house. She further testified that he took her into his bedroom and undressed her.[2] The victim

1. General Laws 1956 (1981 Reenactment) § 11–37–2 provides in pertinent part:
    "A person is guilty of first degree sexual assault if he or she engages in sexual penetration with another person, not the spouse of the accused, and if any of the following circumstances exist:
    (A) The victim is under thirteen (13) years of age.
    (B) The accused knows or has reason to know that the victim is mentally incapacitated, mentally defective, or physically helpless."

2. "Q. What happened?
    "A. Um, he took my clothes off.
    "Q. Okay. And then what did he do?
    "A. And then he took his off.
    "Mr. CASPARIAN: I'm sorry, I didn't hear that.

"THE COURT: Read it back.
    "(Previous answer read.)
    "Q. And after he took his off, what happened?
    "A. Then he put me on his bed. And then he put his—
    "Q. You have to finish the sentence. What?
    "A. His thing in—
    "Q. Okay. Now, what did you mean by thing? Is it the place where boys go to the bathroom?
    "A. Yeah.
    "Q. Where did he put it?
    "A. Um—
    "Q. Can you point to it?
    "A. Point to who?
    "Q. Where he put his thing.
    "THE COURT: You can show us, go ahead.
    "A. Over here and in the back.

stated that defendant then undressed himself and put her on the bed and put "his thing" inside her. She said when he did so, it hurt and caused her to cry. She told the court that she waited until defendant moved from the neighborhood before she revealed to her mother what had happened because defendant threatened to kill her if she told anyone.

The state, in completing its case, called only one other witness, Dr. Almena Palombo, who had examined the victim on September 20, 1982, some three months after the assault. She testified that the victim's hymen was not completely intact, but that she could not give an opinion on whether penetration had occurred. Her inability to give an opinion arose from a three-month delay between the assault and examination and the victim's statement that she did not know whether defendant had penetrated her.

The defendant raises two issues on appeal: (1) whether the trial justice erred in ruling that the complaining witness was competent to testify and (2) whether the evidence presented was sufficient to establish sexual penetration.

## I

The defendant contends that the testimony of the victim, who was fourteen-years-old at trial, established that she did not understand the difference between telling the truth and a lie. The defendant therefore argues that she was not competent to testify. The prosecution, however, points to the victim's testimony, which revealed an ability to recall and recount her experiences, as well as her willingness to tell the truth. The prosecution argues that it is the totality of the record that properly determines the competency of a witness to testify.

■ The trustworthiness of the testimony is the standard for determining the com-

"Q. Here and in back?
"A. (Witness shakes head yes.)
"Q. Is that the place where you go to the bathroom?

petency of a child to testify. "[T]he traditional test is whether the witness has intelligence enough to make it worthwhile to hear him at all and whether he feels a duty to tell the truth." *McCormick, Handbook of the Law of Evidence* § 62 at 156 (3d ed. Cleary 1984).

■ In *State v. Cabral,* 122 R.I. 623, 410 A.2d 438 (1980), we delineated the criteria necessary to establish a witness's competency to testify. *Id.* at 628–29, 410 A.2d at 442. A child may not testify as a witness unless the child can demonstrate to the trial justice that he or she "can (1) observe, (2) recollect, (3) communicate (a capacity to understand questions and to furnish intelligent answers), and (4) appreciate the necessity of telling the truth." *Id.* at 629, 410 A.2d at 442. We further stated in *In Re Gerald,* R.I., 471 A.2d 219, 221 (1984), that the failure of a witness to state clearly the difference between a lie and the truth does not render the witness incompetent to testify.

In the case before us the trial justice concluded, after a full examination of the witness, that she was competent to testify. The trial justice reasoned that

"[he was] satisfied * * * that this witness, despite her shortcomings, has indicated that she is able to tell us what did or did not take place * * *. [W]ith regard to the distinction that she is asked to make between the truth and a lie * *. I'm satisfied that in her own humble way she appreciates the necessity for telling the truth * * *."

In *In re Gerald* we stated that a trial justice must be afforded considerable latitude in determining the competency of a witness, because so much depends upon his observation of the witness. *Id.,* 471 A.2d 219, 221 (1984). Here, the trial justice was satisfied and found that the child was competent to testify.

"A. Yup.
"Q. Did he put it inside you there?
"A. Yeah."

After a review of the entire record, we are of the opinion that the trial justice did not abuse the latitude afforded him. He correctly determined that the witness was competent to testify, consistent with aforementioned standards we set forth in *Cabral* and *Gerald.*

## II

The defendant argues that the only evidence of penetration at trial derived from the testimony of the complaining witness, and her testimony was insufficient to establish the necessary element of sexual penetration beyond a reasonable doubt. The prosecution contends that the evidence establishes penetration.

In *State v. Golden*, R.I., 430 A.2d 433 (1981), this court stated that "penetration is an element of the crime of rape and that this element must be proven beyond a reasonable doubt." *Id.* at ——, 430 A.2d at 435. Penetration may be proven by circumstantial evidence. *Id.* at ——, 430 A.2d at 436.

The defendant is correct in stating that the only evidence of penetration adduced at trial derived from the testimony of the victim. The victim testified that the defendant put his penis inside her and that that hurt. When she was asked where penetration had occurred, she pointed to her vaginal and anal areas. She stated that the episode lasted for a long time and that she cried. We have held, however, "that proof of penetration need not be in any particular form. When one of understanding testifies to a completed act of sexual intercourse, it has been held to be sufficient proof of penetration." *Id.*, 430 A.2d at 436. We have already ruled that the trial justice was correct in determining that the victim was competent to testify; and after reviewing the entire record, we are of the opinion that there was sufficient evidence to prove the element of penetration beyond a reasonable doubt.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed.