STATE

v.

**Robert J. MARR.**

No. 95–302–C.A.

Supreme Court of Rhode Island.

April 4, 1996.

Aaron Weisman, Asst. Atty. General, Thomas Dickinson, Asst. Atty. General, for Plaintiff.

Charles J. Rogers, Jr., Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument March 6, 1996, pursuant to an order that had directed both the state and the defendant, Robert J. Marr, to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that these issues should be decided at this time.

The state appeals from a determination by a justice of the Superior Court that the complaining witness, a five-year-old child, was incompetent to testify. The justice's determination was based upon a series of questions asked of the child witness by counsel and also by the court. The justice found that the child was able to distinguish between telling the truth and telling a lie but that the child's ability to recall events from the time of the occurrence and accurately to translate the summary of that observation into words was lacking. The justice was persuaded by inconsistencies in answers to questions posed by counsel for defendant. These inconsistencies were not related to the underlying offenses with which defendant was charged.

The first issue raised by defendant is whether the state was entitled to appeal from this determination since defendant claimed that jeopardy had attached and that,

therefore, the Attorney General was not entitled to appeal pursuant to G.L.1956 § 9–24–32. This issue is without merit. In a nonjury case jeopardy does not attach until evidence is presented on the issue of guilt or innocence. *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Obviously, an examination to determine competence does not put a defendant at risk of a determination of guilt.

 In respect to the merits we have examined the questions propounded to the child witness and his answers thereto and are of the opinion that the justice was in error in finding that the child witness was unable to observe and recollect. We have stated in *State v. Girouard,* 561 A.2d 882 (R.I.1989), that there are four testimonial capacities that are necessary for a child to be found competent to testify:

> "[A] child may not testify unless and until the trial justice has been satisfied that the proposed witness can (1) observe, (2) recollect, (3) communicate (a capacity to understand questions and to furnish intelligent answers), and (4) appreciate the necessity of telling the truth." *Id.* at 886 (quoting *State v. Cabral,* 122 R.I. 623, 628–29, 410 A.2d 438, 442 (1980)).

In the case at bar the events upon which the charges of first-degree child molestation were based occurred when the child was between the ages of two and four years old. The justice's determination that the child knew the difference between truth and falsehood left the questions of his ability to observe, recollect and communicate. The general rule has been stated that doubts should be resolved concerning minimum credibility of the witness in favor of permitting the jury to hear the testimony and judge the credibility of the witness for itself. 1 *McCormick On Evidence,* § 62 at 247–48 (4th ed. Strong Prac. Treatise Series 1992). *See State v. Briere,* 138 N.H. 617, 620–21, 644 A.2d 551, 554 (1994).

In light of these standards our review of the transcript of the questions propounded and answered by the child clearly indicates a sufficient ability to observe, recollect, and communicate to satisfy the minimal standards of competence. We hold that the jus-

tice was clearly wrong in finding the witness incompetent.

For the reasons stated, the state's appeal is sustained, the determination of incompetency is vacated, and the papers in the case are remanded to the Superior Court for further proceedings.

FLANDERS, J., not participating.