<hr />

THE STATE, DEFENDANT IN ERROR, v. JULIUS KROLL, PLAINTIFF IN ERROR.

Submitted December 7, 1914—Decided March 1, 1915.

On error to the Supreme Court.

The plaintiff in error was convicted in the Hudson County Quarter Sessions of the crime of carnal abuse. The judgment entered thereon was reviewed in the Supreme Court and there affirmed in a *per curiam* which reads as follows:

"There was a conviction of carnal abuse of a female under the age of sixteen. The case is presented under section 136 of the Criminal Procedure act, and in considering the causes for reversal we are to determine whether defendant below suffered manifest wrong and injury by the rulings of the trial court.

"The first error alleged is the refusal to permit the complaining witness to be asked on cross-examination as to her relations with other men prior to the occasion in question. An examination of the printed book fails to show that the questions overruled related to a time prior to that of the crime charged in the indictment; on the contrary defendant put in evidence on this point which pointed to a time some months afterwards. We fail to find injurious error in this respect.

"The next point is that the court permitted an amendment changing the place of the offence from one municipality in Hudson county to another. But no claim of surprise was

made, no continuance was suggested, and it is plain that defendant was in nowise embarrassed.

"The third specification is not argued.

"The next cause for reversal relates to remarks by the prosecuting attorney in summing up. The colloquy follows:

" 'Mr. McCarthy—Wehnke, what does Wehnke testify to, the keeper of a bawdy-house?

" 'Mr. Simpson—I object to that statement of the prosecutor.

" 'Mr. McCarthy—I will withdraw the remark.

" 'Mr. Simpson—Then you shouldn't have made it.

" 'Mr. McCarthy—Well, the truth sometimes will out.

" 'Mr. Simpson—If your Honor please, it seems to me that I should have the benefit of that in some way.

" 'The Court—There is no evidence that that was a bawdy-house.

" 'Mr. McCarthy—I will withdraw thus far what I said about the keeper of a bawdy-house.'

"It is now urged that the court should have gone further and instructed the jury to disregard what had been said. But no such request was made, and the withdrawal by the prosecutor eliminated the whole matter from the case.

"The fifth and sixth specifications relate to recitals by the court of matters of fact which in no way bound the jury and were mere comment. Defendant's counsel did not in any way apprise the court of any alleged misstatement of fact and makes the point here for the first time.

"The seventh and last specification is that the court charged the jury to acquit if they believed the defendant's story and that this is inconsistent with the instruction that if there were any doubt in their minds after weighing the testimony they must give the defendant the benefit of it. We see no real inconsistency. Either alternative would result in an acquittal. If the jury had been told in one place to acquit in case of doubt, and in another to acquit only if they believed defendant's evidence, there would be legal inconsistency; but such is not the situation.

"Finding no error, the judgment will be affirmed."

State v. Mihm.                    *87 N. J. L.*

For the state, *Robert S. Hudspeth,* prosecutor of the pleas.

For the plaintiff in error, *Alexander Simpson.*

PER CURIAM.

The judgment of the court below will be affirmed for the reasons stated in its *per curiam.*

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.