(No. 5505.   May 22, 1930.)

STATE, Respondent, v. WILLIAM HASKINS, Appellant.

[289 Pac. 609.]

C. M. Jeffery, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Respondent.

McNAUGHTON, J.—The defendant is charged with statutory rape upon a child eight years of age. At the trial he was found guilty by the jury. Upon this appeal in his specifications of error appellant asks reversal on the grounds of insufficiency of the evidence on the claim that the story of the child is improbable and incredible. Also it is claimed that as a matter of law the child's testimony is insufficiently corroborated in fixing the perpetration of the crime upon the defendant, error in refusing an advisory instruction of acquittal, and in giving the seventh instruction.

Always a recital of the facts in these cases seems an improbable, incredible story. This is so because it is difficult for the ordinary man to comprehend the ways of the sexual pervert. However, the law must not ignore the fact that these crimes are committed. They are committed stealthily. Direct corroborating proof of the specific act is often quite impossible.

That the crime in this case was committed is established quite sufficiently by the testimony of the doctor who examined the child ·the day following its commission. All that remained after his corroborating testimony was to unquestionably fix that guilt upon the proper person.

Owing to the enormity of the charge made and the seriousness of the penalty inflicted we have with great care examined the record and considered every detail of the evidence. A recital of the testimony would serve no useful purpose. Suffice it to say we find the testimony of the child, for one of her age, to be simple, straightforward and clear. Upon a careful cross-examination, it is consistent with all the facts and circumstances developed. There is not a word or a circumstance in the record challenging its verity or inconsistent with any part of it.

As to corroboration in connection with fixing guilt upon the defendant, we think the testimony of the mother in calling for her children and finding this one alone away with the defendant, and her relation of what followed, corroborates the child's testimony sufficiently under the rule announced by this court. (*State v. Vail*, 47 Ida. 354, 275 Pac. 578; *State v. Smith*, 46 Ida. 8, ?65 Pac. 666.)

In testing the propriety of an instruction it cannot be considered alone. When considered in connection with the instruction preceding it and the one following it, the seventh instruction correctly states the law, and was properly given in this case. All of the instructions must be read and considered together. (*State v. Jurko*, 42 Ida. 319, 245 Pac. 685.)

The court's instructions seem to have been carefully framed. They quite completely advised the jury of every

safeguard the law affords one charged with crime, and we find the evidence of the prosecuting witness sufficiently corroborated to sustain the verdict returned. An advisory instruction of acquittal would have been improper. The judgment is affirmed

Givens, C. J., and Budge, Lee and Varian, JJ., concur.