(No. 5879. October 24, 1932.)

STATE, Respondent, v. WILLIAM VERNON FLITTON, Appellant.

[15 Pac. (2d) 397.]

Geo. W. Edgington, for Appellant.

Fred J. Babcock, Attorney General, and Z. Reed Millar, Assistant Attorney General, for Respondent.

LEE, C. J.—Appellant, Flitton, was charged with the crime of statutory rape, alleged to have been committed in Madison county, October 28, 1931, upon the person of the prosecutrix, Alice T., then and there a girl of seventeen. According to the state's evidence, on the evening of the day mentioned, appellant, a married man of 38 years, residing with his family of a wife and five children in St. Anthony, drove down in company with prosecutrix to Rexburg, some eleven or more miles distant from St. Anthony, stopping at the home of a Mrs. A., the general reputation of whose place for "orderliness" was bad. Beer was served them several times by Mrs. A. After its consumption, prosecutrix went to the bathroom and returning through a hallway encountered appellant, who "grabbed" her and "pulled" her into an adjoining bedroom, there forcing her to sit down upon the bed beside him and asking her "to give in to him." Prosecutrix became frightened and tried to get away, but defendant held her down: she was "too dizzy or anything to hardly do anything"; and he "put his hand" over her mouth so she "couldn't scream." Carnal intercourse followed. After a trial at which appellant denied the alleged crime or any approach thereto, the jury returned a verdict of guilty of assault with intent to commit rape; and from the consequent judgment comes this appeal.

The sufficiency of the evidence is attacked for the reason that the testimony of prosecutrix touching the crime charged is uncorroborated, "most contradictory" and the truth of the same "inherently improbable." That it is inherently improbable, we cannot agree. Contradictory in

one vital respect it surely is, prosecutrix's admitted denial to her uncle that the act complained of ever happened. In many details, she was flatly contradicted; in others, she was corroborated by divers witnesses including the appellant himself. He admitted going with her to Mrs. A.'s and there drinking beer the Sunday prior to October 28th; he admitted he took her there the evening of the 28th, though denying all service of beer; he admitted she came to his room with Vivian A., and discussed her being in trouble over seeming pregnancy, denying, however, that she accused him of being the author of it. Prosecutrix swore that she told him that he had "got" her into trouble, but that he denied he had so done and said, "I can take you to any doctor and prove that you are not in trouble." Appellant testified he asked her: "Why don't you go see a doctor about it? To recite further contradictions would serve no purpose, as the jurors were the sole judges of the credibility of each witness: and evidently believed the state's story in preference to that of the defense. (*Gordon v. Sunshine Min. Co.*, 43 Ida. 439, 252 Pac. 870; *Webster v. McCullough*, 45 Ida. 604, 264 Pac. 384; *State v. Alvord*, 47 Ida. 162, 177, 272 Pac. 1010.) Corroboration of prosecutrix's testimony and not her acts is all that is required. (*State v. Thomas*, 47 Ida. 760, 765, 278 Pac. 773.)

With respect to prosecutrix on the stand, the trial court admonished the prosecutor: "If it appears necessary, you need not hurry her so much; give her a little time; she will get along all right." This, it is urged, gave the jury the impression that the witness "was telling or would tell the truth." The suggestion made direct to counsel and not to the jury can be deemed none other than an instruction as to the manner of examination: it will not be considered as having influenced the jury's verdict. (*People v. Mayes*, 113 Cal. 618, 45 Pac. 860.)

Appellant complains that the prosecution was permitted over his objection to inquire of the complaining witness, if a few days before the alleged rape she had not accompanied a party of friends, including appellant, to the

home of Mrs. A. and been served with beer there. As contended by the state, this evidence was admissible, in that it tended not only to show an intimate relationship between appellant and prosecutrix, but that his taking her to a place of known ill repute where intoxicating liquors could be obtained indicated a harbored design ultimately to get her drinkbefuddled and, while in such condition, know her sexually. As was said in *State v. Collins*, 88 Mont. 514, 73 A. L. R. 861, 294 Pac. 957, 961, where an analogous situation arose, "The materiality of the testimony is too plain for argument."

Fault is found with the prosecutor's statement in the presence of the jury: "The attitude of counsel for the defense, your Honor, toward this witness is extremely reprehensible. He has got a mere child here, and he tries to browbeat her and frighten her into making false answers." Immediately, defense counsel objected to the remark, characterizing it as prejudicial and reversible error, and further declaring: "I have tried my best to be courteous to this girl; upon cross-examination, your Honor, I have been as polite as a man could be." Whereupon, the court announced: "I don't think the criticism is justified by the circumstances," and addressed the panel as follows: "I will ask the jury to disregard these remarks between counsel: they have nothing to do with the case." Such remark to counsel coupled with a direct admonition to the jury effectually safeguarded the rights of the accused. (*State v. Caviness*, 40 Ida. 500, 235 Pac. 890.)

Evidently, for the purpose of impeachment, appellant was asked on cross-examination:

"Q. Do you remember going to Ray's home in St. Anthony?

"A. Yes, sir.

"Q. Did you request him to go to Mr. T., the father of Alice, and try to effect a settlement of this case?

"A. No, sir; I absolutely did not.

"Q. Never made that request of him?

"A. No, sir; I did not."

Neither "Ray" nor any other witness was ever called by the prosecution to rebut this testimony, and appellant charges that such irregular procedure "and the Court not admonishing the jury to disregard same was clearly error and highly prejudicial," citing *State v. Fowler*, 13 Ida. 317, 89 Pac. 757; *Price P. & C. Co. v. Intermountain Assn. of Credit Men*, 43 Ida. 540, 546, 253 Pac. 854, in which latter this court declared that, "Where such questions are asked and the parties with whom the witness is claimed to have talked are not produced, the jury should be specifically instructed to disregard that evidence entirely." We again emphatically condemn a reprehensible practice too often indulged in by overzealous prosecutors. However, the record fails to disclose that appellant at any time sought to avail himself of the error by calling it to the court's attention by proper motion. He permitted the case to go to the jury without either motion to strike or request for an instruction or admonition to disregard. In the introduction of evidence, it is not the business of the trial court, of its own motion, to protect the respective parties against error. (*State v. Baker*, 28 Ida. 727, 156 Pac. 103; *Hurt v. Monumental etc. Co.*, 35 Ida. 295, 206 Pac. 184; *State v. Keyser*, 38 Ida. 57, 219 Pac. 775.)

There is no merit in the contention that "The prosecution erred in not producing the best evidence, that is to say, a competent surgical practitioner . . . . to show that the complaining witness had actually been raped." If she tells the truth, where is there any better evidence than that of the victim? She must, of course, be corroborated, at least by the circumstances surrounding the commission of the offense. (*State v. Short*, 39 Ida. 446, 228 Pac. 274.) But, to such corroboration, medical evidence is in nowise indispensable. (*Nickels v. State*, 90 Fla. 659, 106 So. 479, 488; *Harmon v. Territory*, 15 Okl. 147, 79 Pac. 765, 770; 52 C. J. 1099, note 78 (b).) It is specified that "The prosecution erred and the Court concurred therein by not immediately striking the same and admonishing the jury to disregard the question, in asking the witness, Grant P.,

in substance and effect if it was not a practice of the appellant for him to take young girls to his room in St. Anthony. The prosecution further amplified the error in making a rejoinder as follows: 'And we will bring in the girl who gives us this information, if you will permit.' '' Defense counsel promptly objected to the question and moved that the rejoinder be stricken, the prosecutor at once retracting his statement and agreeing that it be stricken, after which the court sustained the objection just made. The sustaining of the objection was tantamount to admonishing the jury to disregard the matter objected to. (*Wallace v. Commonwealth,* 167 Ky. 277, 180 S. W. 381.) Improper remarks of the prosecuting attorney are generally rendered ineffective by prompt withdrawal of them (*State v. Rooke,* 10 Ida. 388, 79 Pac. 82; *Futch v. State,* 137 Ga. 75, 72 S. E. 911; *State v. Kroll,* 87 N. J. L. 330, 93 Atl. 571.) In *People v. Raber,* 168 Cal. 316, 143 Pac. 317, it was held that the prosecuting attorney was not guilty of prejudicial misconduct, when after objection to his statement he immediately withdrew it and requested the jury to disregard it. Here, in the instant case, there was not only quick retraction but an acknowledgment that the matter should be stricken from the record. In view of the court's ruling on the question and counsel's withdrawal of the suggested proof of a matter no longer before the jury, the reason for this specification of error falls.

 Finally, appellant predicates error upon the prosecuting attorney's statement in his address to the jury that a certain witness for the defense had threatened ''to shoot'' appellant on account of his conduct with the witness' sister. The witness as a matter of fact had admitted that he had ''made threats against Flitton's life'' because of such conduct. At the court's request, the reporter read the testimony in question, the prosecuting attorney thereupon acknowledged his error, specifically retracting the word ''shoot.'' Whatever error there may have been was thus effectually cured. It was the theory of appellant that the prosecution had been ''framed'' by Grant P., uncle of

prosecutrix, to exact money tribute from appellant. Apparently, to disprove such theory, the prosecuting attorney addressing the jury declared that Grant P. knew the defendant had no money. This statement was unwarranted, there being no such evidence in the record. Appellant accordingly objected and now claims error. It was error, but the jury evidently believed that a crime had been committed, irrespective of the uncle's motive in the prosecution. That belief based upon substantial evidence we cannot question here.

Judgment affirmed.

Budge, Givens, Varian and Leeper, JJ., concur.