THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES L. GRAY, Defendant-Appellant.

First District (4th Division)    No. 61698

Opinion filed June 23, 1976.

Robert L. Edwards and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

James L. Gray (hereinafter called "defendant") was charged by indictment, returned in January of 1974, with the offenses of rape, armed robbery and burglary. After a waiver of his right to a jury trial, he was tried and found guilty as charged. He was sentenced to a term of imprisonment in the Illinois State Penitentiary of not less than 5 nor more than 15 years. From this judgment the defendant appeals.

The issues presented for review are whether the trial court erred in denying defendant's motion to suppress statements made and whether the defendant was proven guilty beyond a reasonable doubt.

At defendant's trial the complaining witness, Mrs. Farr, testified as to the occurrence. She described how the defendant, with two other men, silently entered her home while she was alone. She described how she was forced at gunpoint to submit to sexual intercourse with the defendant and one of the other invaders. She told how the defendant ransacked the apartment, taking a portable television set and $45. She further testified she was able to recognize the defendant since he had been her neighbor for about four years.

Upon being placed under arrest, the defendant was read a warning of his rights and he proceeded to give a statement to Officer Serpe, who was later called by the State as a witness to the statement. In this statement, the defendant admitted being with Mrs. Farr, having sexual intercourse with her and ransacking her apartment. He further stated he had gone to Mrs. Farr's apartment to talk to her about employment. Then, according to defendant's statement, two masked men entered the apartment and forced him at gunpoint to have intercourse with Mrs. Farr and ransack her apartment.

The defendant made a motion to suppress the aforesaid statement just after Officer Serpe took the stand during the trial. The motion was denied and the statement admitted into evidence. Officer Serpe was the only witness heard concerning this motion. After the State rested, the defendant took the stand and denied having intercourse with Mrs. Farr or ransacking her apartment. The bulk of the defendant's testimony described how he was handcuffed to a window for six hours while in the police station without being allowed to urinate, and while experiencing pain due to venereal disease. After both sides had rested, defense counsel attempted to renew his motion to suppress the statement. The court disregarded the motion and found the defendant guilty.

■■ The law in Illinois is well settled that the testimony of a

prosecutrix alone is sufficient to support a conviction for rape where the testimony is found to be clear and convincing. (*People v. Reaves* (1962), 24 Ill. 2d 380, 183 N.E.2d 169.) In the case at bar corroboration of the complainant's testimony was admitted into evidence in the form of the defendant's partial admission.

The law is equally well settled in Illinois in regard to an aspect of deference owed to a trial judge by courts of review. In the absence of a jury, the credibility of witnesses, the weight to be given their testimony and the inferences to be drawn therefrom are for the trial judge and, upon review, courts of review will not substitute their judgment for his unless it clearly appears there is reasonable doubt of the defendant's guilt. See *People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858.

Here, it was the province of the trial court, who was no doubt aware of the interests of the opposing witnesses in the outcome of the trial, to determine the truth of the matter.

Upon review of the entire record, we are convinced the evidence fully supports the judgment of the trial court.

■■ Defendant , in a separate issue, claims error was committed by the trial court in denying defendant's motion to suppress and disregarding the uncontradicted testimony of the defendant. But, the refusal of the trial court to entertain a motion to suppress after a previous motion to suppress had been denied does not constitute reversible error, absent an offer of exceptional circumstances or new evidence becoming available in addition to the evidence submitted upon the first hearing on the motion. See *People v. Holland* (1974), 56 Ill. 2d 318, 307 N.E.2d 380.

Defense counsel made a motion to suppress just after the State's second witness took the stand. After his testimony and after the State rested, defense counsel asked for a ruling on his motion. His motion was denied. His subsequent motion to suppress, although made after uncontradicted evidence of police abuse during defendant's detention, failed to include an offer of proof of new evidence becoming available or exceptional circumstances. For this reason, reversible error has not been shown.

■■ Defendant's brief raises the issues of error by the trial judge in: (1) allowing the introduction of hearsay testimony; (2) denying defendant's motion to quash the arrest; and (3) giving an excessive sentence. However, these issues are not properly before us. Defendant failed to include these allegations in his written motion for a new trial, thereby failing to give the trial judge an opportunity to correct the errors, if any existed. A written motion for a new trial, which spells out the grounds, waives all errors not so spelled out. *People v. Toughy* (1964), 31 Ill. 2d 236, 201 N.E.2d 425.

■■ Although the issue of excessive sentence is not properly before us, it is our opinion there was no abuse of discretion in sentencing the

defendant to not less than 5 nor more than 15 years in the State Penitentiary.

The defendant was convicted of rape, armed robbery and burglary. Rape and armed robbery are Class 1 felonies. Burglary is a Class 2 felony. The minimum term of a Class 1 felony, by statute, is four years unless the court, having regard to the circumstances of the offense, sets a higher minimum term. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.

At the trial, the court heard evidence that the defendant unlawfully entered Mrs. Farr's home, raped her at gunpoint and ransacked her apartment. Furthermore, at the hearing on aggravation and mitigation, the defendant was found to have a previous conviction for unlawful use of weapons.

The Illinois Supreme Court has consistently held, where it is contended the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, Illinois reviewing courts should not disturb the sentence unless it clearly appears the penalty constitutes a great departure from the Illinois constitutional requirement that all penalties shall be proportioned to the nature of the offense. (*People v. Richardson* (1969), 43 Ill. 2d 318, 253 N.E.2d 420; *People v. Smith* (1958), 14 Ill. 2d 95, 150 N.E.2d 815.) Furthermore, it is the position of the Illinois Supreme Court the trial court is normally in a superior position during the trial and hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are the courts of review. *People v. McCullough* (1970), 45 Ill. 2d 305, 259 N.E.2d 19.

We find the court properly weighed the facts before sentencing defendant, and there was no abuse of discretion in sentencing.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.