607 P.2d 1326

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Lee TISDEL, Defendant-Appellant.**

**No. 12317.**

Supreme Court of Idaho.

March 25, 1980.

Kent B. Power, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Jean R. Uranga, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Defendant-appellant Robert Lee Tisdel was charged with three counts of lewd and lascivious conduct with a child under the age of sixteen. Count III was severed and subsequently dismissed. At the trial on Counts I and II, the prosecutrix, who was ten years old at the time of the alleged acts, testified that the defendant committed the acts charged in Count II. Her mother testified that she saw the defendant commit the acts charged in both counts. Defendant denied ever having any sexual conduct with the prosecutrix. The jury found defendant guilty as to Count II and not guilty as to Count I. Defendant appeals his conviction.

Defendant first attacks his conviction on the grounds that there was insufficient corroboration of the prosecutrix' testimony to sustain his conviction.

It has been the rule in Idaho that corroboration of a prosecutrix' testimony is necessary in Idaho in order to sustain a conviction under I.C. § 18–6607.[1] *State v. Froelich*, 96 Idaho 685, 535 P.2d 658 (1975); *State v. Shannon*, 95 Idaho 299, 507 P.2d 808 (1973); *State v. Hall*, 95 Idaho 110, 504 P.2d 383 (1972). Corroboration in a case of this type "may be by direct evidence or by evidence of surrounding circumstances where . . . the reputation of the prosecutrix for truth . . . is unimpeached and her testimony is not contradictory nor inconsistent with the admitted facts of the case, nor inherently improbable." *State v. Myers*, 94 Idaho 570, 572, 494 P.2d 574, 576 (1972). *Accord, State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968); *State v. Tope*, 86 Idaho 462, 387 P.2d 888 (1963).

In the present case, the victim's mother testified that she saw the defendant commit the alleged acts. We can think of no evidence which could more directly corroborate the victim's testimony. Defendant argues, however, that parental corroboration by itself should not be sufficient, that some independent fact or circumstance should be needed to corroborate the victim's testimony.

In *State v. Haskins*, 49 Idaho 384, 386, 289 P. 609, 609 (1930), this Court held that "the testimony of the mother in calling for her children and finding this one alone away with the defendant, and her relation of what followed, corroborates the child's testimony sufficiently under the rule announced by this court." Testimony by a physician provided the corroboration that a crime had occurred in *Haskins*, but the only corroboration as to who committed it was supplied by the mother. We held that to be sufficient corroboration to support defendant's conviction.

 The only distinction between *Haskins* and the present case is that here the mother is corroborating both the occurrence of the act and the identity of the perpetrator. We find this distinction to be mean-

---

The requirement of corroboration in cases involving sexual crimes has come under increasing attack in recent years. *See, e. g., State v. Adair*, 99 Idaho 703, 705 n. 2, 587 P.2d 1238, 1240 n. 2 (1978). Examples of cases rejecting the requirement in lewd and lascivious cases include *People v. Campbell*, 80 Cal. App.2d 798, 182 P.2d 626 (1947) and *State v. Trujillo*, 60 N.M. 277, 291 P.2d 315 (1955). Because the question was not presented to us and because we find corroboration to be present, we need not consider at this time whether Idaho should join those jurisdictions rejecting this requirement.

ingless. As we stated in *State v. Adair*, 99 Idaho 703, 707, 587 P.2d 1238, 1242 (1978):

"The testimony of witnesses is ordinarily the crucial evidence in cases such as this, and rightly so. For as was once observed, 'If she tells the truth, where is there any better evidence than that of the victim?' *State v. Flitton*, 52 Idaho 374, 377, 15 P.2d 397, 399 (1932). Corroboration is simply corroboration. The required corroboration need only *tend to support* her testimony that the offense was committed and make it *appear probable* that the accused was the perpetrator. [*State v.*] *Elsen, supra* [66 Idaho 50] at 55, 187 P.2d [976] at 978. Whether there is sufficient corroboration is, in the first instance, a question for the jury; and unless we can say, as a matter of law, that such evidence is insufficient, we will not reverse upon that ground. *State v. Hines*, 43 Idaho 713, 254 P. 217 (1927)."

We can think of no reason why we should hold that the direct eyewitness testimony of the mother does not supply the required corroboration.

Defendant also implies that the mother may have been an accomplice, and that therefore her testimony alone is not sufficient corroboration. However, an accomplice may corroborate a victim's testimony. *State v. Wilson*, 93 Idaho 194, 457 P.2d 433 (1969); *State v. Rose*, 75 Idaho 59, 267 P.2d 109 (1954).

In his second assignment of error, defendant alleges that the trial court erred in Instruction No. 20 in that the court did not explain that a mere showing that the parties had been together is not sufficient corroboration.

Instructions must be considered as a whole, and error cannot be predicated on a single instruction or part thereof. *State v. Tope*, 86 Idaho 462, 387 P.2d 888 (1963). *State v. Haskins*, 49 Idaho 384, 389 P. 609 (1930). Instruction No. 21 included the following statement: "Even though the prosecuting witness may be unimpeached as to

truthfulness, the mere showing of an opportunity to commit the sex offense is insufficient corroboration." We find no error in the court's instructions.

Finally, defendant charges that he was denied effective counsel. In most cases, a defendant "must make a showing that the conduct of counsel contributed to the conviction or to the sentence imposed." *State v. Tucker*, 97 Idaho 4, 12, 539 P.2d 556, 564 (1975). "This requirement can be met only if a defendant points to facts in the record, or alleges facts within his personal knowledge or the personal knowledge of others, in support of the contention that he was denied competent assistance of counsel." *State v. Elisondo*, 97 Idaho 425, 426, 546 P.2d 380, 381 (1976).

Defendant baldly lists thirteen "suggested deviations from what has come to be considered adequate, competent trial counsel" to support his contention that he was denied effective counsel. We have examined each of these alleged deviations and find defendant's argument to be without merit.

Judgment affirmed.