No. 83–5352.  MURPHY *v.* KENTUCKY; and

No. 83–5662.  PHILLIPS *v.* KENTUCKY.  Sup. Ct. Ky.  Certiorari denied.  Reported below: No. 83–5352, 652 S. W. 2d 69; No. 83–5662, 655 S. W. 2d 6.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE POWELL join, dissenting.

Petitioners challenge their convictions on the ground that they were obtained in violation of the *Ex Post Facto* Clause of the United States Constitution, Art. I, § 10.

Prior to September 1, 1980, Kentucky law provided that a "conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense."  Ky. Rule Crim. Proc. 9.62. Effective that date, the rule was repealed, and thereafter convictions in Kentucky could legally be based upon the uncorroborated testimony of accomplices.

After repeal of the rule, petitioners in these two unrelated cases were tried for crimes that had been committed prior to the repeal. In each case, the trial court rejected the defendant's request for an instruction to the effect that the jury could not convict on the uncorroborated testimony of an accomplice.  The Kentucky Supreme Court affirmed both convictions over the claim that application of the new rule violated the *Ex Post Facto* Clause. *Murphy* v. *Commonwealth*, 652 S. W. 2d 69 (1983); *Phillips* v. *Commonwealth*, 655 S. W. 2d 6 (1983).

The Supreme Court of Kentucky held that the change was not *ex post facto*, because it was merely a change in procedure.  The change did not decrease the amount of evidence necessary to convict, but merely removed an impediment to the credibility of certain witnesses.  *Murphy* v. *Commonwealth, supra*, at 72.  In reaching its conclusion, the Kentucky court relied upon this Court's decision in *Hopt* v. *Utah*, 110 U. S. 574 (1884), which upheld retroactive application of a statute eliminating the ineligibility of convicted felons as witnesses.  The Court in *Hopt* stated:

"Any statutory alteration of the legal rules of evidence which would authorize conviction upon less proof, in amount or degree, than was required when the offence was committed, might, in respect of that offence, be obnoxious to the constitu-

tional inhibition upon *ex post facto* laws. But alterations which do not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt, but—leaving untouched the nature of the crime and the amount or degree of proof essential to conviction—only remove existing restrictions upon the competency of certain classes of persons as witnesses, relate to modes of procedure only, in which no one can be said to have a vested right, and which the State, upon grounds of public policy, may regulate at pleasure." *Id.*, at 590.

See also *Beazell* v. *Ohio*, 269 U. S. 167 (1925); *Thompson* v. *Missouri*, 171 U. S. 380 (1898).

The Kentucky court found *Hopt* to be dispositive, stating that "[t]he rule change was simply a procedure change which made a certain class of witnesses competent without corroboration." 652 S. W. 2d, at 73.

Other courts, however, have come to precisely the opposite conclusion. For example, the United States Court of Appeals for the Third Circuit, distinguishing *Hopt*, has held that repeal of a statute requiring corroboration of accomplice testimony "reduces the amount of proof necessary for conviction" and therefore cannot constitutionally be applied retroactively. *Government of Virgin Islands* v. *Civil*, 591 F. 2d 255, 259 (1979). See also *Bowyer* v. *United States*, 422 A. 2d 973 (D. C. 1980) (abolition of requirement of corroboration of testimony of sex-crime victims); *State* v. *Byers*, 102 Idaho 159, 627 P. 2d 788 (1981) (same). Indeed, in *Commonwealth* v. *Brown*, 619 S. W. 2d 699 (1981), which was overruled by *Murphy* v. *Commonwealth, supra*, the Kentucky Supreme Court itself reached a result contrary to the one it reached in these two cases.

Because of the evident confusion among lower courts concerning the application of the *Ex Post Facto* Clause to changes in rules of evidence and procedure—and because some 15 other States have accomplice-corroboration requirements that they may choose to abolish, see App. to Pet. for Cert. in No. 83–5352, p. 15—we disregard our duty when certiorari is denied. Respectfully, I dissent.